Judge Rowan
delivered the opinion of the court.
Ligget and Baker claimed a ten-acre lot in the town of Henderson, by purchase from Towls, (mediately,) whose bond, executed to Audibon for the title thereto, they held by assignment. One acre of which they sold to Wall, and executed to him their bond for the conveyance thereof, as soon as they could obtain a conveyance. Ligget afterwards sold the entire ten acre lot to Wilson, and assigned to him the bond for the title thereto, which they had received by assignment from Audibon. Towls conveyed to Wilson the entire lot, upon receiving from him $325, the price agreed to be paid therefor by Audibon. Wall filed his bill against Ligget and Baker and Wilson, alledging that Wilson had notice of his claim to the one acre, before he purchased from Ligget the ten acre lot; and praying a decree for a conveyance. Wilson, in his answer, acknowledges that he knew of Wall’s purchase of the one acre before he purchased from Ligget, but alledges that Ligget informed him that he had satisfied Wall for the one acre in some other way. Ligget and Baker were served with process, but failed to answer the bill. No order was taken against them for failing to answer. The court decreed a conveyance to be made by Wilson to Wall, for the one acre, out of the ten, for which he had received a conveyance from Towls as aforesaid. Wilson appealed.
There can be no pretext for reversing the decree. It is supported by the most obvious principles of law as well as of morality. Wilson was a purchaser with notice, without any palliating circumstances whatever.
A bill need not be taken as confessed against defts from whom no relief is sought.
B. Hardin for appellant.
The objection that the bill was not taken for confessed against Ligget and Baker, can be of no avail. The omission to enter the order of confession against them is an omission of naked form in this case. It might have been done, and if it had, the decree must have been the same. They were, in fact, but formal defendants.
The decree must be affirmed with costs.